IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

DONNA J. ROWLANDS,
      Plaintiff,                              05cv1025
     v.                                     **ELECTRONICALLY FILED**

THE ROMAN CATHOLIC DIOCESE
OF PITTSBURGH, and
REVEREND PIERRE FALKENHAN, ET AL.,
      Defendants.

## MEMORANDUM OPINION AND ORDER

Plaintiff Donna J. Rowlands avers in her three-count complaint that, from around January 2003 until her dismissal on June 7, 2004, defendant Reverend Pierre Falkenhan subjected her to a series of adverse, gender related actions during her employment with the defendant Roman Catholic Diocese of Pittsburgh at St. Bonaventure Parish, where she worked as an administrative assistant since August 1994.  Before the Court is defendants' motion to dismiss Counts II and II of plaintiff's complaint (Document No. 5), which the Court will grant after careful consideration of plaintiff's complaint, the motion and response, and the memoranda of law.

In deciding a motion to dismiss pursuant to Fed.R.Civ.P. Rule 12(b)(6), the Court accepts the well-pleaded factual allegations of the complaint as true, and draws all reasonable inferences therefrom in favor of the plaintiff.  <u>Armstrong Surgical Center, Inc. v. Armstrong County Memorial Hosp.</u>, 185 F.3d 154, 155 (3d Cir. 1999). A claim should not be dismissed for failure to state a claim unless it appears beyond a doubt that the non-moving party can prove no set of facts in support of its allegations which would entitle it to relief.  <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957); <u>Marshall-Silver Construction Co. v. Mendel</u>, 894 F.2d 593, 595 (3d Cir. 1990).

In making this determination, the court must construe the pleading in the light most favorable to the non-moving party.  <u>Budinsky v. Pennsylvania Dept. of Environmental</u>

Resources, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004), quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Plaintiff alleges she was subjected to a series of hostile, adverse actions by Reverend Falkenhan, her supervisor at St. Bonaventure, based on her gender, a pattern and practice allegedly repeated with other female employees of St. Bonaventure. The allegations are not of an overt sexual nature nor do they purport to state a claim of "quid pro quo" harassment; instead, the complaint alleges discrimination in employment actions on the basis of gender. The Court accepts the well plead averments of the complaint as true, and draws all reasonable inferences in plaintiff's favor.

Count I asserts a sexual discrimination claim against the Diocese under Title VII, 42 U.S.C. § 2000e et seq., and under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. § 951 et seq. Defendants do not seek to dismiss this count (except to the extent they argue these statutory discrimination claims cannot be maintained against defendant Falkenhan individually, but plaintiff has not named him individually at this count).

Count II states a Pennsylvania common law tort claim of negligent supervision against the Diocese of Pittsburgh. The Court agrees with defendants that this claim is foreclosed by the

Resources, 819 F.2d 418, 421 (3d Cir. 1987). Further, the Federal Rules of Civil Procedure require notice pleading, not fact pleading, so to withstand a Rule 12(b)(6) motion, the plaintiff "need only make out a claim upon which relief can be granted. If more facts are necessary to resolve or clarify the disputed issues, the parties may avail themselves of the civil discovery mechanisms under the Federal Rules." Alston v. Parker, 363 F.3d 229, 233 n.6 (3d Cir. 2004), quoting Swierkiewicz v. Sorema, N.A., 534 U.S. 506, 512 (2002) ("This simplified notice pleading standard relies on liberal discovery rules . . . to define facts and issues and to dispose of unmeritorious claims.").

Plaintiff alleges she was subjected to a series of hostile, adverse actions by Reverend Falkenhan, her supervisor at St. Bonaventure, based on her gender, a pattern and practice allegedly repeated with other female employees of St. Bonaventure. The allegations are not of an overt sexual nature nor do they purport to state a claim of "quid pro quo" harassment; instead, the complaint alleges discrimination in employment actions on the basis of gender. The Court accepts the well plead averments of the complaint as true, and draws all reasonable inferences in plaintiff's favor.

Count I asserts a sexual discrimination claim against the Diocese under Title VII, 42 U.S.C. § 2000e et seq., and under the Pennsylvania Human Relations Act ("PHRA"), 43 Pa.C.S. § 951 et seq. Defendants do not seek to dismiss this count (except to the extent they argue these statutory discrimination claims cannot be maintained against defendant Falkenhan individually, but plaintiff has not named him individually at this count).

Count II states a Pennsylvania common law tort claim of negligent supervision against the Diocese of Pittsburgh. The Court agrees with defendants that this claim is foreclosed by the

exclusivity provision of the PHRA, which provides that the statutory remedy "shall, when invoked, be exclusive and the final determination therein shall exclude any other action, civil or criminal, based on the same grievance of the complainant concerned." 43 Pa. Stat. Ann. § 962. Common law negligent supervision claims against employers which, as in this case, arise from the same operative facts, are preempted, and Count II must be dismissed. See, e.g., Wolk v. Saks Fifth Ave. Inc., 728 F.2d 221 (3d Cir. 1984) (where plaintiff brought PHRA claim, no tort cause of action under Pennsylvania common law was available for employee to challenge her dismissal, which she alleged was in retaliation for her refusal to submit to her new supervisor's sexual advances ); Belverena v. Central Parking System, Inc., 2005 WL 2850343, *7-*8 (E.D.Pa. 2005) (where acts supporting common law tort based causes of action are only acts of discrimination, the common law claims are preempted by PHRA); Stell v. PMC Technologies, Inc., 2005 WL 2050297 *2 (E.D.Pa. 2005) ("claim which Plaintiff is making is a discrimination claim, and therefore, it must be brought under the PHRA"); McGovern v. Jack D's, Inc., 2004 U.S. Dist. LEXIS 4326, *5-*6 (E.D.Pa. 2004) (in sexual harassment context, common law claim for negligent supervision preempted by PHRA - where "a statute provides a remedy for a certain type of injury, a common law action designed to redress the same injury is rendered superfluous.").

     Count III states a Pennsylvania common law claim for intentional infliction of emotional distress by defendant Falkenhan, alleging his conduct was outrageous, intentional and extreme. Defendants do not claim that this cause of action is preempted by the PHRA, but argue it is barred because plaintiff did not exhaust her administrative remedies with the EEOC, and because she has not alleged sufficient facts to support the claim. Intentional infliction of emotional

distress is a difficult claim to prove in the employment context, as the following passage explains:

> For a plaintiff to recover on a claim of intentional infliction of emotional distress, "[t]he conduct must be so outrageous in character, and so extreme in degree, as to go beyond all possible bounds of decency, and to be regarded as atrocious, and utterly intolerable in a civilized society." Cox v. Keystone Carbon Co., 861 F.2d 390, 395 (3d Cir. 1988) (quoting Buczek v. First Nat'l Bank of Mifflintown, 366 Pa.Super. 551, 531 A.2d 1122, 1125 (Pa.Super. 1987))."At the outset, it must be recognized that <u>it is extremely rare to find conduct in the employment context that will give rise to the level of outrageousness necessary</u> to provide a basis for recovery of the tort of intentional infliction of emotional distress." Id. "Indeed, the only instances in which courts applying Pennsylvania law have found conduct outrageous in the employment context is where an employer engaged in both sexual harrassment and other retaliatory behavior against an employee." Cox, 861 F.2d at 395. "[A]s a general rule, sexual harassment alone does not rise to the level of outrageousness necessary to make out a cause of action for intentional infliction of emotional distress." Andrews v. City of Philadelphia, [895 F.2d 1469, 1487 (3d Cir. 1990)]. "The extra factor that is generally required is retaliation for turning down sexual propositions." Id. "[O]ffensive comments and gestures in the workplace, even though sexually explicit, are not enough to satisfy the Andrews extra requirement of sexual propositions." Wasserman v. Potamkin Toyota, Inc., Civ. A. No. 98-0792, 1998 WL 744090, at *3 (E.D.Pa. Oct.23, 1998). "<u>Andrews</u> requires that a Plaintiff allege retaliation based on a rejection of sexual advances or propositions." Id. at *4.

Fantazzi v. Temple University Hosp., 2003 WL 23167247, *7 (E.D.Pa. 2003) (emphasis added).

Plaintiff alleges retaliation by Reverend Falkenhan, and a pattern and practice of discrimination on the basis of gender against her and other female employees at St. Bonaventure. While her claims do not appear to rise to the level of outrageousness or have the "extra factor" that might support a claim of intentional infliction of emotional distress in the employment context, viewed in light of the liberal pleading standards, this Court simply cannot say, at this

early stage of the proceedings, that plaintiff will be able to state no set of facts in support of this claim.

As to defendants' exhaustion argument, plaintiff and defendants agree there is no Title VII or PHRA discrimination claim against this individual defendant, and there was no reason, therefore, for plaintiff to have raised a common law intentional infliction of emotional distress claim in her EEOC complaint. Accordingly, the motion to dismiss Count III will be denied.

**AND NOW, this 30th day of November, 2005, IT IS HEREBY ORDERED** that defendants' motion to dismiss (Document No. 5) is **GRANTED in part** with respect to Count II only, and Count II will be dismissed; said motion to dismiss is **DENIED in part** as to Count III, without prejudice to defendant's raising the issues set forth therein in a motion for summary judgment at the appropriate time following discovery.

s/Arthur J. Schwab  
Arthur J. Schwab  
United States District Judge

cc:   all counsel of record